**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| Damon White, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| LVNV Funding LLC; Weinstock, Friedman & Friedman, P.A.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Damon White, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Damon White ("Plaintiff"), is an adult individual residing in Middle River, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, LVNV Funding LLC ("LVNV"), is a Indiana business entity with

an address of P.O. Box 3038, Evansville, Indiana 47730, operating as a collection agency, and is

a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      The Defendant, Weinstock, Friedman & Friedman, P.A. ("WFF" and together

with LVNV the "Defendants"), is a Maryland business entity with an address of 4 Reservoir

Circle, Baltimore, Maryland 21208, operating as a collection agency, and is a "debt collector" as

the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by Defendants

and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may

be joined as parties once their identities are disclosed through discovery.

8.      Defendants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      The Plaintiff incurred a financial obligation in the approximate amount of $500.00

(the "Debt") to Capital One Bank (the "Creditor").

10.     The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to Defendants for collection, or

Defendants were employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Defendants Engaged in Harassment and Abusive Tactics

13.     Defendants are asking for interest and fees in violation of the Debt agreement.

14.     LVNV has reported the Debt incorrectly on the Plaintiffs credit report.

15.     The Plaintiff sent WFF timely written correspondence requesting the Debt be verified and disputed the Debt.

16.     WFF responded to the Plaintiff's request stating they need not provide any information detailing the Debt.  WFF cites overruled case law as a basis for their claim.

17.     The letter from WFF is attached as Exhibit A.  The decision overruling the case law is attached as Exhibit B.

18.     Furthermore, Defendants have failed to notify the credit bureaus that the Debt is in dispute.

19.     WFF continued to contact the Plaintiff in attempts to collect the Debt although the Debt had yet to be verified.

20.     Defendants misrepresented the amount of the Debt.

### C.  Plaintiff Suffered Actual Damages

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants

misrepresented the character, amount and legal status of the Debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants

employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants

attempted to collect an amount not authorized by the agreement creating the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(b)  in that Defendants

continued collection efforts even though the Debt had not been validated.

29.     The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

32.     The Defendants are each individually a "collector" as defined under MD. Code

Comm. Law § 14-201(b).

33.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law

§ 14-201(c).

34.     The Defendants disclosed or threatened to disclose information affecting the

Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

35.     The Plaintiff is entitled to damages proximately caused by the Defendants'

violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

37.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

38.     Maryland further recognizes the Plaintiff's right to be free from invasions of

privacy, thus Defendants violated Maryland state law.

39.     The Defendants intentionally intruded upon Plaintiff's right to privacy by

continually harassing the Plaintiff with false reports to the credit bureaus, and attempting to

collect on an unverified debt.

40.     The conduct of the Defendants in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly offensive

to a reasonable person.

41.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual

damages in an amount to be determined at trial from the Defendants.

## COUNT V
## VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES
## MD. ANN. CODE BUS. REG. § 7-101 et seq.

42.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43.     Defendants are each a "collection agency" as defined by Md. Ann. Code. Bus.

Reg. § 7-101(c).

44.     As a collection agency doing business within the state of Maryland, the Defendant

is required to obtain a license under MD. Ann. Code.. Bus. Reg. § 7-301(a) and to execute a

surety bond under MD. Ann. Code. Bus. Reg. § 7-304(a).

45.     The Defendant is not in good standing and its license status is marked "forfeited"

for "failure to file property return for 2008," as indicated by the Maryland Department of

Assessments and Taxation.

46.     Under MD. Ann. Code. Bus. Reg. § 7-401(a), a person may not willfully or

knowingly do business as a collection agency unless properly licensed.

47.     The Defendant is subject to the penalties imposed under MD. Ann. Code. Bus.

Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the

state of Maryland and the Plaintiff is, therefore, entitled to damages.


## COUNT VI
## COMMON LAW FRAUD

48.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

49.     The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute fraud under the Common Law of the State of Maryland.

50.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, fear, frustration and embarrassment caused by the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 11, 2010

Respectfully submitted,

By_/s/ Forrest E. Mays_____

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF

# Exhibit A



# WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.

EXECUTIVE CENTRE
4 RESERVOIR CIRCLE
BALTIMORE, MD 21208-7301

410-559-9000
FAX: 410-559-0025
NORTHERN VA, DC & MD SUBURBS
800-999-8286

WWW.WEINSTOCKLEGAL.COM

April 2, 2010

**PARTNERS**
SIDNEY S. FRIEDMAN (MD, DC)
JEFFREY M. LIPPMAN (MD, DC)
WILLIAM H. THRUSH, JR. (MD, DC, VA)

EDWARD J. FRIEDMAN (1951-2008)

**OF COUNSEL**
MELVYN J. WEINSTOCK
MARC E. SHACH
J C AMOS (MD, WV)
ALLAN HENDSON
T. BRUCE GODFREY (MD, DC)

**MANAGING ATTORNEY**
ILONA M. FISHER

**ATTORNEYS**
GREGG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZIEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
REBECCA A. CARTER
JAMIE R. GLICK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA L. GEIER (MD, DC)
DARLENE T. DAVIES
JORDAN I. SELZER (MD, DC)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
ROSEMARY E. ALULIS
BRIAN GREUTER
LORETTA TOWNSEND (MD, NY)
SUSAN C. SCANLON
JUDITH S. TORTORA (MD, DC, NY)
NATALIE L. GROSSMAN (MD, DC)
VIVIAN NUNEZ (MD, DC)
MARY R. McCLIGGOTT (MD, VA)
A. ZACHARY TROPF
JORDAN M. GLICK

Damon White
3923 Misty View Rd
Middle River Md 21220-3048

RE:  LVNV FUNDING LLC
ACCOUNT NUMBER: 5178052284105604
OUR FILE NO.: 10-06354
**BALANCE AS OF DATE SHOWN ABOVE:
$1,348.98**

Dear Mr. White:

We are in receipt of your timely request for validation under the FDCPA. Validation is not the same as proof. In *Chaudhry v. Gallerizzo*, 174 F.3d 394 (1999), the Fourth Circuit said "Verification of a debt involves nothing more than a debt collector confirming in writing that the amount being demanded is what the creditor is claiming owed; the debt collector is not required to keep detailed files of the alleged debt." As such:

Original Creditor:        Capital One Bank (USA), N.A.
                          4851 Cox Road
                          Glen Allen, VA 23059

Original Account #:       5178052284105604

Current Creditor:         LVNV FUNDING LLC

Balance Due:              $1,348.98

If you have a specific dispute or issue you wish to discuss, please provide as much detailed information as possible, including any written documentation of your claim, so that we may assist in the resolution of the issue. If you wish to work out a voluntary payment arrangement or a settlement, please contact our office at your earliest convenience so that we may do so.

Very truly yours,

Jamie Glick

D131

This firm is a debt collector.
We are attempting to collect a debt and any information obtained will be used for that purpose.

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 9, 2009

RE: *Carter v. Mann Bracken, LLP*
    PWG-09-302

## LETTER ORDER

Dear Counsel:

This case has been assigned to me, with the consent of the parties, for all proceedings, including the entry of a final judgment. This letter order addresses Defendant Mann Bracken's Motion for Summary Judgment, Paper No. 13; Plaintiff Leah Carter's Response in Opposition to Defendant Mann Bracken's Motion, Paper No. 18; and Defendant Mann Bracken, L.L.P.'s Brief in Response to Plaintiff's Opposition to Motion for Summary Judgment, Paper No. 19. Further, I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated herein, the Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. This letter order disposes of Papers Nos. 13, 18, and 19.

I.      BACKGROUND

Carter purchased carpeting for her house in 2007, and GE Money Bank financed the transaction. Def.'s Mot., Ex. 2, Paper No. 13-6, at 13, 15 ("Carter Depo."). According to Carter, after she fell behind on her payments to GE, the creditor agreed to settle her account for $1,680. *Id.* at 16. GE sent Carter a letter to confirm that she agreed to have her mortgage company, Countrywide, pay $1,680 to GE, and that GE could withdraw the money from Carter's credit union checking account if Countrywide did not remit payment. *Id.* at 20. At her deposition, she said that GE accepted payment of $1,680 from Countrywide and withdrew $1,680 from Carter's checking account. *Id.* at 27-28. According to Carter, she had the credit union reverse the payment to GE because GE would not return the money it withdrew, claiming Carter could have paid her debt in full. *Id.* at 28-29. GE continued to send letters to Carter, seeking payment on her past-due account balance of $1,375.89. *Id.* at 31-32; *see* Def.'s Mot., Ex. 2, Attach. A, Paper No. 13-7; Def.'s Mot., Ex. 2, Attach. C, Paper No. 13-8. Carter said that when she contacted GE to clarify that she had satisfied the debt in July 2008, GE said they would correct the account. Carter Depo. 38.

GE hired Mann Bracken, a law firm, to collect the debt Carter alleged still owed to GE. On December 19, 2008, Mann Bracken sent Carter a letter, attempting to collect a debt of $1,375.89 on behalf of GE. *Id.* at 42; Def.'s Mot., Ex. 2, Attach. 2, Paper No. 13-10. On January 2, 2009, Carter wrote to Mann Bracken and GE and disputed the debt. Carter Depo. 44;

1

Def.'s Mot., Ex. 1, Paper No. 13-3, ¶ 9. Mann Bracken employee Kwame Kyeremeh noted in the Carter Collection File: "LETTER FROM DEBTOR STATES DEBT WAS PAID PRIOR DURING THEIR MORTGAGE REFI, CONFIRMATION LTR FROM GE MONEY BANK ATTACHED." Pl.'s Opp. 6.

On January 13, 2009, Mann Bracken sent Carter a second letter with a one-page printout of account information attached. Carter Depo. 47-48; Def.'s Mot., Ex. 2, Attach. F, Paper No. 13-9. In his deposition, Connell A. Loftus, a managing partner of Mann Bracken, said that the printout informed Carter that "the debt that was placed with Mann Bracken was a GE debt, [and] that GE had informed Mann Bracken that the sum of $1,375.89 was due and owing." Pl.'s Opp., Ex. B, Paper No. 18-5, at 46 ("Loftus Depo."). According to Loftus, the printout "gave her some other information with regard to last payment information, but it essentially confirmed the fact that GE had placed a bill with Mann Bracken to collect and it was for Leah Carter. . . . [It was] a redacted reproduction." Id. Loftus explained Mann Bracken's standard procedure for responding to a dispute letter: "We obtain client information that verifies that the client has forwarded a case to Mann Bracken for collection and we provide information which verifies that the bill that was sent to us is intended for and was incurred by the debtor." Id. at 48. Carter alleged that the printout was "an incomplete copy of the data received from GE on December 15, 2008." Pl.'s Opp. 7.

Carter called Mann Bracken for clarification of the January 13, 2009 letter and sent the firm another copy of her January 2, 2009 letter. Carter Depo. 50. Mann Bracken contacted her again on January 16, 18, 20, 21, 23, 24, 25, 26, and 27, 2009. Pl.'s Opp. 7. On January 30, 2009, Mann Bracken received notification from GE that it was recalling Carter's account because it had been settled in full. Loftus Depo. 68, 121-22.

On February 9, 2009, Carter filed a Complaint, alleging various violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"). On July 20, 2009, Mann Bracken filed its Motion for Summary Judgment, contending that there was no genuine dispute of material fact with regard to its purported violations of the FDCPA.

II.   ANALYSIS

Under Fed. R. Civ. P. 56(c), summary judgment is only proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See also Meson v. GATX Tech. Servs. Corp., 507 F.3d 803, 806 (4th Cir. 2007) (citing Fed. R. Civ. P. 56(c)). When considering a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party. See, e.g., Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009); George & Co., LLC v. Imagination Entm't Ltd., No. 08-1921, 2009 WL 2224755, *3 (4th Cir. July 27, 2009); Dean v. Martinez, 336 F. Supp. 2d 477, 480 (D. Md. 2004).

Carter claims that Mann Bracken violated 15 U.S.C. § 1692g(b) when it "continued attempts to collect the debt, although [Carter] disputed the debt," and Mann Bracken "sent no validation of the debt" to Carter."[1] Compl. ¶ 17, Paper No. 1. Mann Bracken argues that there is

---

[1] Section 1692g(b) provides:

no genuine dispute that it "engaged in no collection activity from between the time it received her dispute letter until it provided verification of the debt." Def.'s Mot. 8. Mann Bracken points out that Carter's opposition refers to its "attempts" to contact Carter, and it insists that its only "communications" with Carter were initiated by Carter. Def.'s Reply 4. Carter counters that Mann Bracken's collection activity between January 16 and 27, 2009, violated the FDCPA because the "supposed 'verification'" it provided was incomplete and "indecipherable," and "Mann Bracken did not go back to GE to obtain verification." Pl.'s Opp. 7, 11.

Mann Bracken relies on *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir.), *cert. denied*, 120 S. Ct. 215 (U.S. 1999), for the proposition that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed . . . ." However, in that case, the Fourth Circuit noted that, to verify the debt, the debt collector called a representative of the creditor and "requested that he confirm the sums that were owed." *Id.* at 400. Moreover, the debt collector did not verify the debt until "*after* receiving assurances from [the creditor] that the sums were owed . . . ." *Id.* at 406 (emphasis added). *See McCammon v. Bibler, Newman & Reynolds, P.A.*, 515 F. Supp. 2d 1220, 1225-26 (D. Kan. 2007) (stating that "defendants' evidence that they contacted their client to verify the amount being claimed" was sufficient to survive plaintiff's motion for summary judgment on claim that defendants violated 15 U.S.C. § 1692b(1)); *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996) (stating that verification for purposes of § 1692g(b) "would necessarily come from the creditor"); *see also Senftle v. Landau*, 390 F. Supp. 2d 463, 474 n.11 (D. Md. 2005) (concluding that debt collectors sufficiently verified debt by producing debtor's "most recent unpaid statements," as well as his contract with creditor).

Here, Mann Bracken relied on its existing documentation from GE, rather than contacting GE to confirm that the debt was still outstanding. Moreover, in *Chaudhry*, the Court stated that the purpose of verification is to "'eliminate the . . . problem of debt collectors . . . attempting to collect debts which the consumer has already paid.'" *Id.* (quoting S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699). Reliance on prior documents does not serve that purpose, as the debtor may have settled the debt after the creditor contacted the debt collector, but before the debtor disputed the debt. Thus, drawing inferences favorable to Carter, Mann Bracken did not "obtain[] verification of the debt," *see* 15 U.S.C. § 1692g(b), and the purported verification it provided was inadequate. Also, § 1692g(b) requires that the debt collector "cease collection of the debt." A call to the debtor arguably constitutes collection activity, even if the debtor does not answer the phone. Therefore, Mann Bracken arguably engaged in collection activity after receipt of Carter's dispute letter, without first verifying the debt. The Defendant's Motion for Summary Judgment is DENIED IN PART.

---

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector *obtains verification* of the debt . . . , and a copy of such verification . . . is mailed to the consumer by the debt collector. . . .

15 U.S.C. § 1692g(b) (emphasis added).

Carter also claims that Mann Bracken "attempted to collect an amount not authorized by agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1)."[2] Compl. ¶ 15. Mann Bracken contends that summary judgment is warranted on this claim because there is no genuine dispute of the material fact that it "attempted to collect the exact amount that their client (GE) told Ms. Carter was due and owing." Def.'s Mot. 6. Carter responds that Mann Bracken "continued its efforts to collect a debt that was not due," despite the fact that it "knew as of January 2, 2009 (or should have known in the absence of gross indifference to the facts) that the [debt] was already paid." Pl.'s Opp. 10.

To survive Mann Bracken's motion with regard to this claim, Carter must show that Mann Bracken "knowingly" attempted to collect on an already-settled account. See Ducrest, 931 F. Supp. at 462. The focus is on the debt collector's conduct, rather than the validity of the debt. Id. Indeed, "[a] debt collector should be able to rely on the representation and implied warranty from its client that the amount was due under either the lease or the law." Id. (footnote omitted).

When viewed in the light most favorable to Carter, the record shows that Carter had settled her debt, and she informed Mann Bracken that the debt was settled and provided documentation of her communication.[3] Thus, Mann Bracken could no longer rely on GE's prior representation that the debt was outstanding. Mann Bracken arguably knowingly attempted to collect an amount that the agreement did not authorize, i.e., an already-settled debt. Therefore, the Defendant's Motion for Summary Judgment is DENIED IN PART.

Carter further claims that Mann Bracken violated 15 U.S.C. § 1692e(8) when it "failed to communicate . . . to credit reporting agencies" that Carter's debt was disputed.[4] Compl. ¶ 16.

---

[2] Section 1692(f) provides, in part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692(f).

[3] Mann Bracken argues that Carter failed to produce the check evidencing her payment of the debt. Def.'s Reply 5. But, she sufficiently alerted Mann Bracken of the dispute to preclude its reliance on its earlier communications with the debtor. And, there is evidence that GE notified Mann Bracken on January 30, 2009, that Carter's account had been settled in full. Loftus Depo. 68, 121-22.

[4] Section 1692e provides, in part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without

Mann Bracken argues that there is no genuine dispute of the material fact that it does not provide information to credit reporting agencies, and it insists that Carter's contention that it provided information about her debt is unsupported.  Def.'s Mot. 7.  Thus, Mann Bracken asserts that summary judgment is warranted on this claim. Carter fails to dispute this contention.

The Eighth Circuit discussed this portion of § 1692e(8) in *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008), stating that its "relevance . . . is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt."   The Eighth Circuit quoted the Federal Trade Commission's December 1988 Staff Commentary on the FDCPA in support of this assertion: "'If a debt collector knows that a debt is disputed by the consumer . . . *and reports it to a credit bureau*, he must report it as disputed.'"  *Id.* (quoting FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988)) (emphasis added in *Wilhelm*).

Indeed, there is no factual basis for Carter's allegation that Mann Bracken furnished information about her disputed debt to anyone. And, Mann Bracken's obligation to disclose that the debt was disputed only applied upon its provision of information about her debt. *See id.*  The Defendant's Motion for Summary Judgment is GRANTED IN PART.

In her Opposition, Carter also contends that she made "unequivocal written statements" in her January 2, 2009 letter, which showed that she "(1) refused to pay and (2) did not wish to receive any further phone calls," yet Mann Bracken "ignored" these statements, in violation of 15 U.S.C. § 1692c. Pl.'s Opp. 9.  As Mann Bracken correctly notes, Carter did not state this claim in her Complaint, and cannot employ her Opposition to amend her Complaint. *See* Fed. R. Civ. P. 15(a) (governing amendment of complaint).

Because this case must be tried, a telephone conference with counsel and the Court has been set for Friday, September 18, 2009, at 4:00 p.m. to discuss scheduling.  Defense counsel will contact Plaintiff's counsel and then contact the Court.

Although informal, this is an Order of the Court and shall be docketed as such.

_____/S/_____
Paul W. Grimm
United States Magistrate Judge

---

limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e.

5

lmy